IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND M. PROCTOR,            )
                               )
    Plaintiff,                 )
                               )
-vs-                           )   Civil Action No. 16-1532
                               )
NANCY A. BERRYHILL,[1]         )
COMMISSIONER OF SOCIAL SECURITY, )
                               )
    Defendant.                 )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 20). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 21). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 14) and granting Defendant's Motion for Summary Judgment. (ECF No. 20).

## **I.**  **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits finding he was not disabled through March 31, 2010, the date last insured.[2] (ECF No. 12, p. 35). Administrative Law Judge ("ALJ"), Michael F. Colligan, held a hearing on September 9, 2014. (ECF No. 12-7, pp. 42-66). On November 25, 2014, the ALJ found that based on the application for a period of disability and disability insurance benefits, Plaintiff was not disabled under that section of the Act through March 31, 2010, the date last insured. (ECF No. 12, pp. 21-36).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

[2] Plaintiff also filed an application for supplemental security income and the ALJ found Plaintiff disabled under that section of the Act beginning on June 29, 2010. (ECF No. 12, p. 35). Plaintiff does not appear to be appealing that portion of the decision.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 14 and 20). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

2

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Credibility

Plaintiff "suggests" that the ALJ's credibility assessment is defective because he did not place appropriate consideration on his testimony and the testimony of his witnesses. (ECF No. 15, p. 1). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v.*

3

*Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 12, pp. 21-36). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record to his complaints and found them to be contradictory. *Id.*

> The claimant's allegations prior to the date last insured are out of proportion to and inconsistent with the evidence of record. The claimant refused physical therapy and injections for his pain and did not treat for his mental health condition after March of 2008, indicating that his condition was either less limiting than alleged or that he was not motivated to improve his condition (Exhibit C4F/55, 68, C15F/31, 51). In addition, his pain management provider noted significant exaggerated pain behaviors on several occasions, calling into question the veracity of his allegations (Exhibit C4F/58, 60, C15F/42, 44). Furthermore, he violated his narcotics agreement by running out of medication 15 days early (Exhibit C4F/59, C15F/43). Additionally, the records also indicate that he was cutting metal and cutting wood, activities that are inconsistent with his allegations (Exhibit C8F/70, 72).
>
> Joseph M. Proctor and Amanda L. Proctor, the claimant's children, submitted a third party statement. They reported that the claimant cannot read, write or spell well. They stated that the claimant experiences neck and arm pain daily and that some days he can barely get out of bed. Although Mr. and Ms. Proctor are not medical sources, their long-standing relationship with the claimant and understanding of his condition is significant. However, although their reports of the claimant's pain symptoms are consistent with the claimant's reports in the record, the record also noted significantly exaggerated pain behaviors and refusal of treatment, undermining his complaints (Exhibit C1F/2, C4F/52, 54, 55, 58, 60, 61, 64, 68, C10F/44, C15/30, 31, 33, 41, 42, 44, 46, 48, 51). Therefore, the undersigned gives their reports little weight.

(ECF No. 12, pp. 28-29). Based on the same, I find the ALJ properly evaluated Plaintiff's credibility and the witnesses as required by 20 C.F.R. §§416.929, 404.1529 and SSR 96-7p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff and the witnesses not entirely credible. (ECF No. 12, pp. 21-36).

Plaintiff, however, submits that his testimony is entitled to enhanced credibility and trumps the other evidence of record because of the assertion that some documents from a prior adjudication were allegedly lost by the agency. (ECF No. 15). I disagree. First, Plaintiff fails to point to any binding legal authority for such a proposition and I find none. Second, Plaintiff does not identify or describe what the documents were, to what exactly they are related, or if they were duplicative in nature. Third, the unidentified documents do not change the currently available and sufficient evidence reviewed by the ALJ concerning that time period. Based on the same, I find no merit to the argument that Plaintiff's current testimony and that of his children were entitled to enhanced deference or that it trumps other evidence of record.

Plaintiff also seems to assert that there is substantial and overwhelming evidence that that he cannot engage in substantial and gainful work prior to June 29, 2012. (ECF No. 15, p. 2). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is misplaced.

Furthermore, contrary to Plaintiff's assertion that his condition did not change from March 21, 2006 (alleged onset date) though June 29, 2012 (the date Plaintiff was found disabled), I find there is substantial evidence of record to support the ALJ's RFC determination that Plaintiff could perform light work, with certain limitations, through his date last insured. *See,* ECF No. 12, pp. 21-36. The ALJ thoroughly discussed the evidence from Plaintiff's alleged onset date of March 21, 2006 through his date last insured. *Id.* Consequently, remand is not warranted

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND M. PROCTOR,     )
              )
  Plaintiff,       )
              )
 -vs-          )  Civil Action No. 16-1532
              )
NANCY A. BERRYHILL,[3]     )
COMMISSIONER OF SOCIAL SECURITY, )
              )
  Defendant.      )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 1st day of March, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 14) is denied and Defendant's Motion for Summary Judgment (Docket No. 20) is granted.

            BY THE COURT:

            s/ Donetta W. Ambrose
             Donetta W. Ambrose
             United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.